JADE TRADING v. United States JADE TRADING v. United States JADE TRADING v. United States JADE TRADING v. United States Joan Oppenheimer for the United States of America. I'd like to inform the court that I have a sinus infection, so unfortunately I may cough. I apologize for any inconvenience. I'd like to start off with the practical consequences of the outcome of this case. In other words, why does it matter whether penalties are determined at a partnership level or a partner level proceeding? And I'd like to suggest there are five practical consequences. First of all, if partnership level, if the applicability is determined at the partner level, it results in a multiplicity of proceedings. Mr. Oppenheimer, did you seek in-bank rehearing of the earlier Jade case? No, we did not. And yet there are all sorts of adverse consequences, and so the way you've chosen to proceed to challenge the issue was by bringing an appeal almost on the same issue as was decided before. Well, when this court decided the case the first time around, it remanded the case to the Court of Federal Claims, and we had no way of knowing that the Court of Federal Claims would construe the mandate so narrowly. Well, didn't Judge Williams just follow what we had suggested? Well, this court held that partnership items, that the penalty had to relate to a partnership item. An outside basis is not a partnership item. But then it remanded the case to ascertain whether there was some other partnership item to which the penalties related, and we suggested several partnership items, namely including the economic substance of the partnership transactions or the economic substance of the spread transactions and the sham nature of the partnership. There's nothing in the statute that says that the penalty has to directly relate to an adjustment of a partnership item. It simply says that the penalty has to relate to a partnership item. So it's our position that even though the penalty here is maybe several steps removed from a determination that the spread transaction lacks economic substance, the penalty still does relate to the meaning, relate to the partnership item. And it's our position that Congress intended a broad interpretation of the 1997 amendments to the code because it wanted to eliminate the multiplicity of proceedings that resulted when partnership items and penalties were determined in individual partner level proceedings. And it also stated in the legislative history that the relevant conduct also generally occurred at the partnership level, which is certainly true here. Here, the tax benefits never could have been achieved without the partnership vehicle. This whole case, you know, all of these cases turn on what was then a rule that a contingent liability is not taken into account for basis purposes for a partnership. So unless you transfer an asset with a corresponding contingent liability to a partnership, you don't get the stepped up basis. So this whole partnership needed, the whole tax benefits of about 45 million needed the partnership or they could never claim the benefits. They could do offsetting euro options on their own any time they wanted, but, you know, they can't get a $15 million write off a piece without the partnership form. And it's exactly that type of situation that Congress was concerned about when it enacted the 1997 amendments to the code. Isn't this the exact same issue that was addressed the last time the case was here? Well, the broad issue of, you know, does the court have jurisdiction over the penalties is the same issue. The law of the case is a discretionary doctrine. And this court can choose not to apply the doctrine in the interest of justice. You haven't asked that we recommend that the full court take this in bank. We have not. We have not done so, Your Honor. Again, it's our position that there are partnership items in this case, namely the lack of economic substance that and the sham nature of the partnership that the penalties relate to an adjustment of these partnership items. And there was nothing in this court's prior opinion that expressly or by implication rejected that argument. This court explicitly referred to outside basis, and it explicitly stated, you know, that the penalties, that since outside basis was an affected item, that there was no jurisdiction over the penalties unless, you know, the penalties did relate to a partnership item. And it never really considered, you know, the question whether the penalties related to the economic substance of the partnership item. So I would suggest that there's room in the, you know, in the courts that this court would not be acting inconsistently with this prior opinion if it were to determine that the penalties in this case related to a partnership item, namely the economic substance of the spread transaction, or alternatively the sham nature of the partnership. That it could, you know, make that determination and still be consistent with its prior opinion in jade trading. This opinion, this case has several practical consequences. The primary consequence, well, in addition to resulting in a multiplicity of proceedings if partner level determinations are required, different factors are considered in determining the penalties depending on whether it's determined at a partnership level or a partner level proceeding. For example, if it's determined at a partner level proceeding, the negligence that's an issue is the negligence of a partner. If it's determined in a partnership level proceeding, the negligence that is determined is the partnership's negligence. Also, the timing of payment, assessment and payment is different depending on what level they're determined at. For example, if penalties are determined at the partnership level, following the partnership level determination, if the determination in the FPA is upheld by the court, then the government will issue a computational adjustment and the taxpayer will have to pay following the conclusion of the partnership level proceeding. If, however, you know, it goes to partner level proceeding, then after the partnership level, the taxpayer doesn't have to pay. You know, the government would have to send an effective item notice of deficiency and the taxpayer could challenge that in the tax court. So, payment would, you know, be considerably postponed and it may well be that that's really what's an issue and why the taxpayer is, you know, that may be what's really an issue here. In other words, time is money. Pardon? Time is money. Exactly so, especially in these days, Your Honor. Time isn't much money these days. Yes. But I understand. And the fifth consequence is that there may be possible statute of limitations problem to the government depending on, you know, for example, if this court holds that the, you know, that the proceeding, that they have to be decided in a partner level proceeding. Were all of these arguments raised last time? I wasn't here. I was the only one who wasn't. My colleagues were here. Well, the practical consequences, we did not discuss that the first time around. They were not discussed. In terms of… Were they in your brief? They were not in our brief the first time around. In terms of what difference it made, you know, these issues were not in our brief. The final consequence is that if this court holds that, you know, it has to be determined in a partner level proceeding, the taxpayer could, you know, bring this case, you know, in a different form that's subject to this court's determination. If that court holds it's a partnership proceeding that has to determine the penalty, then our time for assessment would have expired and we would be out of luck. So, if this court has no more questions at this time, I'll reserve the rest of my time. Thank you, Ms. Oppenheimer. Mr. Autry. Good morning, Congress. I'd like to point out I'm joined by my able partner who's done a great deal of the work in this case, Linda Payne. We certainly are here to answer whatever questions you may have. We think three points largely dispose of this case. One, no case that we can envision or find is a better case for the application of the law of the case doctrine. No case cries out more. No case has been dragged on already for 12 years. The suggestion that was made is perhaps we're interested in delaying the case. We have at every stage tried to accelerate the case, and what troubles the Irvins most is that they've been drawn through another year of expense and delay by what we view to be a repetitive period. Are your clients free of penalties because of this technicality based on an issue that wasn't fully raised in the prior proceedings? Actually, they've paid them, and so there's not a matter of... Oh, so they're looking for a refund. Well, we're actually looking for one of the practical consequences that was raised. I'm going in saying it was not in the original brief, but also it was not in the government's brief in this case. It's a multiplicity of proceedings. There is going to be an affected item, partner level proceeding. We'd like to handle it all in one place. The courts that the government urges does two things. It creates yet a third or fourth proceeding. It depends how... If you view the partnership as one, there would be, under the government's view, a refund action and an affected item action. Under our approach, we would get to go to one proceeding, and for the first time after what's probably going to be 14 years after the fact, explain why we don't owe the penalties, why we were not negligent, why we had reason to call. So our ultimate goal, as we discussed with the two of you on the first panel, was let us address reasonable cause in the same proceeding as we're being accused of lacking reasonable cause in government. I've had a couple son-of-boss cases. That's going to be a pretty tough burden, is it, to say we were in this with our eyes closed and we didn't do anything wrong? We were in this with our eyes wide open. If you go through the detailed findings of Judge Williams in the first opinion, we are anxious. We think one of the reasons we're being delayed is because the government doesn't want those facts winding up in a published opinion. Judge Williams did a disciplined job of going through every conceivable step they took to make sure they're right. And we're anxious to have all of that considered as soon as possible. Now it looks like it's going to be about 14 years after the fact before we're allowed to explain why we had reasonable cause as opposed to lacking in ordinary care. That's our motivation. The second point that we think is so important here is that the court was correct when it handed down its mandate the first time. Instead, you look to the computational adjustments. You cannot impose penalties. It's a very practical consideration. How do you impose a penalty that is a percentage penalty on a deficiency, a numerical deficiency, if you're barred from determining the deficiency until after the partner-level affected item proceeding is concluded? You can't. So this court was correct. This court was correct in tying it to computational. The government undeniably in their brief seeks to reverse and repeal that provision of this court's opinion. It seeks to reverse and repeal the opinion that was embraced by this court. There's a D.C. Circuit opinion by the name Petaluma that this court embraced. It follows four courts. It follows the exact same course. The exact same course that's embraced by one of the leading authorities on audit procedures, the B&A Tax Management Portfolio. Handle those penalties in the proceeding where you can determine whether or not there is reasonable cause. On the flip side of the coin, there is negligence. That's the best course where the penalty is being posed. As Judge Williams pointed out in this case, only one reason the penalty was being asserted by the government through years of litigation, three weeks of trial, they pressed one point. Penalties on outside basis. This court was correct in saying that must wait. That is a penalty. You're asked to determine the applicability of a penalty that relates to the adjustment of an affected item. The government would reverse and repeal this court's finding that there is such a thing as an adjustment to an affected item. By allowing that to be resolved in the same proceeding, we find out whether or not there was ordinary care or an absence of ordinary care. We may have, some may say from a distance, if it's like some of these cases where people made no real inquiry, didn't have three or four people, firms looking at it, they would have a problem. Our efforts are already cured. Thirdly, we'd like to point out that Judge Williams in this most recent opinion went to great care not simply to track the mandate on a verbatim studied effort, but went to great care to say that the government bears a burden of proof with penalties. The government also bears a burden of establishing jurisdictions. They have a double barrel of burden of proof, and the government failed that burden of proof. Again and again, she walked out of it. The government failed to establish that any of the government's contentions were supported by the evidence. Those are factual facts. It may not be reversed by way of some sort of assertion by counsel as opposed to evidence. Those are factual findings. There's been no allegation of clear error on her part. She's ruled on the record and said there's nothing here. Everything the government alleges, in fact, if you read through the government's brief, what it will ultimately bring you to the conclusion is, yes, we're going to go through, and the impact, the tax impact, requires us to zero out on an outside basis. One of the points of greatest concern to us is the difficulty that we've had getting a straight answer to this question. Mr. Autry, we've got a microphone there. We record this, so instead of dancing around, you might stick with the podium. Hyperactive child, forgive me. Yes, John, one of the greatest concerns that we've had is, say, how in the world are you going to assess a penalty when you're told jurisdictionally you cannot determine the tax sufficiency until the conclusion of the partner-level affected item? It's not mathematically possible. And then we get this kind of innuendos, and I think I heard it. I think I heard a firm statement on opening argument. The timing of the assessment is different. Ooh, what does that mean? There are three stages in dealing with one thing. There's the partnership proceeding stage, which we're in now. There's the kind of universal joint, the computational adjustment stage. Section 6230 operates like a computation adjustment. Then there is where the additional partner-level factual determination is required to be made. A partner-level stage. What the government is saying when they say there's a difference in timing is they're going to take anything you say affirmatively or in favor of penalties and say that gives us the right to go in in the computational adjustment stage and assess the penalty on the affected item disallowance of the outside basis, because that's the only way you can do it. They're going to usurp, they're going to circumvent what this court held in the first case, is you cannot deal with the outside basis until the conclusion of the partner-level proceeding. The government is going to assess that penalty based upon the disallowance of the outside basis and the lawsuit was created by that outside basis before that affected item proceeding is conducted. Without the supervision of any judge, they're just going to go boom. That's the difference in timing that we're talking about. That's the usurpation of jurisdiction that gives us such great concern. That is the thing that keeps us from dealing with, do we have ordinary care or not ordinary care in one proceeding. That is the thing that troubles us so much of a penalty that's imposed with us being stiff-armed. You cannot defend yourself against these penalties. The thing that runs so directly contrary to 6664 that says you have reasonable penalties, we're adopting reasonable cause because we think that has to be considered before any penalties are imposed, just as a matter of fundamental fairness. That is the thrust of our concerns. As we look over certain of the government's arguments, we would ask, too, that you reflect upon their practical consequences. We would ask that you reflect upon the benefits. I'm doing it, forgive me. We would ask that you reflect, again, on the benefits of dealing with the reasonable cause evidence in one proceeding. We would ask that you remain jurisdictionally true to the proposition that the partnership proceeding is to deal with partnership conduct. We would ask that you reflect upon Judge Williams' findings that there is no allegation of partnership-level misconduct. One of the peculiar things that you get from the government's allegations and their brief is they are. Now, after the fact, after the three-week trial, we're going to say, and after one appeal, that the penalty ought to be applied to contributions. There is no penalty contribution adjustment in the final partnership administrative adjustment adopted by the government and issued us. There's no such adjustment pressed at trial. There's no such adjustment addressed in Judge Williams' first opinion. And the reason there is no adjustment is because it was treated accurately on the partnership return. The government's problem is not with the treatment of those items on the partnership return. The government's problem is the treatment of outside basis on the individual partner's return. So, in effect, the government says to you, we want to impose accuracy-related penalties on the partnership for reporting something well, accurately. The accuracy-related penalty is designed to punish inaccuracy. Certainly, if you have any questions, we'd love to have an opportunity to address them. Above all else, we say that the law of the case tells us and tells other litigants that it should protect you from having to deal with this today. It should have protected the errants from the expense and a year's delay in this matter. This court's earlier opinion ought to be sustained without encouraging other disgruntled litigants from saying, well, we didn't like the first answer we got from the Court of Appeals. We'll just go back again. Thank you so very much. Thank you, Mr. Autry. Ms. Oppenheimer? The partnership's argument that the partnership return was accurate is a red herring. Penalties are always imposed at the individual partner level. They are never imposed at the partnership level. So, frankly, in no case does it matter if the partnership return is accurate, putting aside the son-of-boss cases, because penalties are never imposed at the partnership level. Opposing counsel objects to the multiplicity of proceedings. They object to this pay-first-litigate-later policy that was adopted in 1997. This pay-first-litigate-later, it applies in general to the litigation of penalties. It is not peculiar to son-of-boss cases. If this was a case where egregious losses were claimed on the partnership return, and then taxpayers claimed their proportionate share, I believe even taxpayers' counsel would agree that penalties would be determined at the partnership level. In that case, the taxpayers would be required, as we think they should be in this case, to pay the penalty first and litigate their reasonable cause defense in a refund suit following payment. So that was what was established by the 1997 amendments to Section 6226F, actually to 6230, that once a penalty is determined in a partnership-level proceeding, if you have a reasonable cause defense, you bring it in a refund suit. So basically, the partnership here is claiming that somehow son-of-boss cases should be accepted into the general rule established in 1997. It's our position that there is no such exception. Yes, the government is claiming in this case  we would assess the penalty even though the actual underpayment would result from an affected item notice of deficiency, and that procedure is expressly authorized and required by Treasury Regulation 301.6231A6-1TA2, which was the applicable regulation in the period in question, and that basically says that a penalty related to a partnership item may be directly assessed after the conclusion of partnership-level proceedings, even if partner-level proceedings are needed to determine the tax. Finally, as we stated in our brief, the tax court or the Court of Federal Claims has no jurisdiction in a partnership-level proceeding to compute the amount of underpayment. To determine the underpayment, that is determined on the court in a partnership-level proceeding has jurisdiction to determine partnership items and the applicability of penalties that relate to adjustments to partnership items. So the fundamental error that the court committed is to say, so the government hasn't shown to me the underpayment. How do you compute the underpayment? Well, she had no jurisdiction to determine any partner-level underpayment. That could only be determined in a partner-level proceeding, and that is true regardless of whether you're dealing with outside basis or whether you're dealing with egregious losses claimed on a partnership return.  that the court below erred in concluding that the penalty had to relate directly to a partnership item, and the court also erred in requiring proof of an underpayment. All the statute requires is that all the statute involves is applicability of penalties, not proof of liability for penalties or proof of the amount of penalties. Thank you. Thank you, Ms. Oppenheimer. That concludes the morning.